UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VM GLOBAL PARTNERS, LLC,
and VAMSIDHAR MADDIPATLA,

    Plaintiffs,

vs.                                                                  Case No. 8:14-cv-01343-T-27EAJ

LAXAI PHARMA, LTD., OSR HOLDING
CORP., J. RAM AJJARAPU, and NARENDRA
MALLAKUNTA,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendant J. Ram Ajjarapu's Amended Motion to Dismiss Counts IV, V, XIII, and XIV of Plaintiffs' Second Amended Complaint (Dkts. 48, 50) and Defendant Narendra Mallakunta's Motion to Dismiss Counts I, II, IV, V, XIII, and XIV of Plaintiffs' Second Amended Complaint (Dkt. 49), and Plaintiffs' response (Dkt. 52). Upon consideration, the motions are GRANTED *in part* and DENIED *in part*.

### BACKGROUND

Plaintiffs Vamsidhar Maddipatla, who is the principal and sole member of Plaintiff VM Global Partners, LLC, brings this lawsuit against two individuals, J. Ram Ajjarapu and Narendra Mallakunta, and two foreign corporations, OSR Holding Corp. and Laxai Pharma, Ltd. (collectively, the "Corporate Defendants").[1] Maddipatla alleges that Ajjarapu induced him to sell his technology

---

[1] Neither Corporate Defendant has entered an appearance and the Clerk has entered default against both Corporate Defendants. (Dkts. 37, 38).

1

businesses to the Corporate Defendants based on a series of misrepresentations. (Dkt. 42 ¶¶ 16, 18-27, 35-40). In reality, Ajjarapu and Mallakunta, the complaint alleges, used funds from the Corporate Defendants for their personal expenses, damaging Maddipatla, who had become a shareholder in the corporations as a result of merger of the businesses. (*Id.* ¶¶ 69-78). Partly as a result of the conduct of Ajjarapu and Mallakunta, the Corporate Defendants could not meet certain obligations to Maddipatla and VM Global Partners that had been incurred in the merger agreement. (*Id.* ¶¶ 29-34, 79-83). Ultimately, Plaintiffs allege they suffered losses exceeding $2 million. (*Id.* ¶ 84).

## STANDARD OF REVIEW

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2008) (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd sub nom. Ashcroft v. Iqbal*, 556 U.S. 672 (2009)). Where the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.*

All of the factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## DISCUSSION

Defendants Ajjarapu and Mallakunta move to dismiss Counts IV, V, XIII, and XIV of the complaint.[2]

### Count IV: Breach of Fiduciary Duty

Count IV is evaluated under Delaware law, because Florida's choice-of-law provisions provide that the internal affairs of a foreign corporation are governed by the law of the state in which the company is organized. *Mukamal v. Bakes*, 378 Fed. App'x 890, 897 (11th Cir. 2010); *see Aquent LLC v. Stapleton*, No. 6:13-CV-1889ORL28DAB, 2014 WL 5780293, at *5 (M.D. Fla. Nov. 5, 2014). OSR Holding Corp. is incorporated in Delaware. (Dkt. 42 ¶ 5).

Ajjarapu and Mallakunta make two arguments regarding Count IV. First, they argue facts have not been alleged that support the existence of a fiduciary duty for either individual defendant. Second, they argue there are no allegations that either Ajjarapu or Mallakunta abused their position for personal benefit or improper advantage.

---

[2] Mallakunta also moves to dismiss Counts I and II, Common Law Fraud and Fraudulent Inducement, of the complaint as directed to him. As Plaintiff agrees, these claims will be dismissed without prejudice with regard to Mallakunta.

3

Neither argument is persuasive. In Delaware, whether an individual owes a fiduciary duty requires an analysis of their role in the corporation as well as their title. *See Triton Constr. Co. v. E. Shore Elec. Servs., Inc.*, Civil Action No. 3290–VCP, 2009 WL 1387115, at *10 (Del. Ch. May 18, 2009) (citing *Science Accessories Corp. v. Summagraphics Corp.*, 425 A.2d 957 (Del. 1980)). Corporate officers and directors owe fiduciary duties of care and loyalty. *Gantler v. Stephens*, 965 A.2d 695, 708–09 (Del. 2009). Here, the complaint adequately alleges that Ajjarapu and Mallakunta, by virtue of their titles and responsibilities, owed a fiduciary duty to the shareholders of OSR Holding and Laxai. (Dkt. 42 ¶¶ 7, 9, 18-21, 32-34). The complaint also alleges that Ajjarapu and Mallakunta breached their fiduciary duties by using corporate funds for their own purposes. Ajjarapu allegedly used corporate funds to pay his personal debts and for his own attorney, while Mallakunta used corporate funds for pay rent on his personal residence. (*Id.* ¶¶ 74-78). These allegations are sufficient to overcome the motion to dismiss.

### Count V: Aiding and Abetting Breach of Fiduciary Duty

In Florida,[3] the elements of a claim for aiding and abetting a breach of fiduciary duty are (1) the existence of a fiduciary duty as to the primary malefactor, (2) a breach of this duty, (3) knowledge of the breach by the aider and abettor, and (4) substantial assistance or encouragement by the aider and abettor. *Stapleton*, 2014 WL 5780293, at *7 (quoting *Razi v. Razavi*, No. 5:12–CV–80–Oc–34PRL, 2012 WL 7801361, at *14 (M.D.Fla. Dec. 21, 2012)) (further citation omitted). While the complaint properly alleges the existence and breach of fiduciary duties by

---

[3] As an aiding and abetting breach of fiduciary duty claim is based on conduct outside a corporation's internal affairs, Florida law applies. *See Stapleton*, 2014 WL 5780293, at *n. 12. Even if Delaware law were to apply, it includes elements similar to those in Florida, including knowledge of the breach of fiduciary duty by the aider and abettor and assistance by the aider and abettor, which are not properly alleged here. *See Malpiede v. Townson*, 780 A.2d 1075, 1096 (Del. 2001).

Ajjarapu and Mallakunta, there are no facts suggesting either knew of the other's alleged misconduct, much less assisted or encouraged the breach of the relevant duty. Therefore, Count V is due to be dismissed without prejudice.

### Count XIII: Unjust Enrichment

The elements of unjust enrichment in Florida are: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citations omitted); *Florida Power Corp. v. City of Winter Park*, 887 So.2d 1237 (Fla. 2004).

Ajjarapu and Mallakunta raise two arguments against the claim of unjust enrichment: the complaint fails to allege that they received any benefits from Plaintiffs, and that an express contract precludes a finding of unjust enrichment. These arguments fail to persuade. The complaint adequately alleges that Ajjarapu and Mallakunta misappropriated funds from OSR and Laxai, and that Maddipatla suffered as a shareholder and as an individual liable for certain payments. (*See* Dkt. 42 ¶¶ 69-78). The express contract argument is premature. At this stage, breach of contract and unjust enrichment claims may be properly pled in the alternative, as they are here. Fed. R. Civ. P. 8(a); *see Shibata v. Lim*, 133 F. Supp. 2d 1311, 1317 (M.D. Fla. 2000) (approving pleading of breach of contract and unjust enrichment in the alternative).

### Count XIV: Constructive Trust

A constructive trust is "more accurately defined as an equitable remedy" rather than a cause of action. *Collinson v. Miller*, 903 So. 2d 221, 228 (Fla. 2d DCA 2005). Under Florida law, a court may impose a constructive trust if four elements are satisfied: (1) the existence of an express or

5

implied promise, (2) a transfer of property in reliance of the promise, (3) a confidential relationship, and (4) unjust enrichment. *Castetter v. Henderson*, 113 So. 3d 153, 155 (Fla. 5th DCA 2013) (citing *Provence v. Palm Beach Taverns, Inc.*, 676 So.2d 1022, 1024 (Fla. 4th DCA 1996); *Heina v. LaChucua Paso Fino Horse Farm, Inc.*, 752 So.2d 630, 637 n. 4 (Fla. 5th DCA 1999)). A constructive trust may only be imposed on "specific property [that is] the subject of the inequitable transaction," and not "on general assets." *Bender v. CenTrust Mortgage Corp.*, 51 F.3d 1027, 1030 (11th Cir. 1995), *opinion modified on denial of reh'g*, 60 F.3d 1507 (11th Cir. 1995).

Here, the facts alleged do not demonstrate that a constructive trust can be imposed on the specific property in question, rather than on the general assets of the Defendants. Furthermore, constructive trusts should only be imposed when there is not an adequate remedy at law, and Plaintiffs have not established that damages are an inadequate remedy. *Id.*; *see Joseph v. Chanin*, 940 So. 2d 483, 487 (Fla. 4th DCA 2006). Accordingly, Count XIV is due to be dismissed without prejudice.

## CONCLUSION

1) Defendant J. Ram Ajjarapu's Amended Motion to Dismiss Counts IV, V, XIII, and XIV of Plaintiffs' Second Amended Complaint (Dkts. 48, 50) and Defendant Narendra Mallakunta's Motion to Dismiss Counts I, II, IV, V, XIII, and XIV of Plaintiffs' Second Amended Complaint (Dkt. 49) are **GRANTED *in part*** and **DENIED *in part*.**

2) Counts I and II are **DISMISSED *without prejudice*** with respect to Defendant Mallakunta only.

3) Counts V and XIV are **DISMISSED *without prejudice*.**

4)  In all other respects, the motions to dismiss are **DENIED**.

5)  Plaintiffs are **GRANTED** fourteen (14) days from the date of this Order leave to amend their complaint.

**DONE AND ORDERED** this 9th day of April, 2015.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record